UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** ) | Chapter 13 | |
| **SUSAN A. MARRO** ) | | |
| Debtor ) | Docket No. 25-10019-pmm | |
| ) | MOTION FOR STAY RELIEF | |
| ) | 2416 S. 10th Street, Philadelphia PA 19148 | |
| SANTANDER BANK, N.A. ) | | |
| Movant ) | | |
| vs. ) | **Hearing Date: October 8, 2025** | |
| ) | **Time: 1:00 p.m.** | |
| SUSAN A. MARRO ) | **COURTROOM NO. 3** | |
| Respondent ) | | |

**STIPULATION RESOLVING MOTION FOR RELIEF
FROM AUTOMATIC STAY**

SANTANDER BANK, NA ("Santander") by and through its attorney Jessica S. Kaczinski, Esquire of Gross McGinley LLP, and Debtor, SUSAN A. MARRO ("Debtor"), along with her counsel, Michael A. Cibik, Esquire agree and stipulate to Relief from the Automatic Stay pursuant to 11 U.S.C. 362(d), and in support thereof, alleges as follows:

1. On or about January 3, 2025, Debtor, SUSAN A. MARRO, filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code.

2. By way of brief background, on or about May 31, 2013, the Debtor obtained a home equity line of credit from Santander Bank with a credit limit of $105,000.00 as evidenced by a Home Equity Line of Credit Agreement ("Note") secured by a mortgage recorded June 18, 2013 ("Mortgage") upon the Debtor's principal residence known as 2416 S. 10th Street, Philadelphia, Philadelphia County, Pennsylvania ("Premises").

3. Santander Bank is a secured creditor with a second lien mortgage upon the Premises.

4. The Debtor has not made monthly post-petition payments to Santander as required under the Note and the proposed Amended Chapter 13 Plan and is presently due for the months of July, 2025 through September, 2025 totaling $3,357.08, exclusive of attorney's fees, late charges, and costs.

5. The Debtor has agreed to cure the post-petition delinquency ($3,357.08), along with attorney's fees and costs of $949.00 ($750.00 plus $199.00 filing fee for motion) for a total amount of $4,307.08 ("Arrearage") through the Chapter 13 Plan as follows:

A. On or before October 17, 2025, the Debtor by and through her Counsel shall file an amended Chapter 13 Plan to include the additional payment of the Arrearage to Santander in the amount of $4,307.08. The post-petition Arrearage will be paid in addition to the pre-petition arrears listed on Santander's filed Proof of Claim in the amount of $96,429.50. The Total amount to be paid to Santander through the amended Chapter 13 Plan will be **$100,736.58.**

B. On or before October 27, 2025 and continuing on the first day of every month thereafter until the entire debt owed to Santander is paid in full, Debtor shall make the regular monthly mortgage payment directly to Santander, which payment amount varies from month to month.

6. The Parties hereto stipulate and agree that the Automatic Stay provisions of Section 362 shall remain in full force and effect pursuant to the terms set forth in this Stipulation.

7. If the Debtor fails to make any of the payments set forth in this Stipulation, Santander agrees that it will provide the Debtor and her counsel with fifteen (15) days written notice of such delinquency via electronic mail. Debtor shall have fifteen (15) days from the date of such notice to cure the delinquency ("Cure Period").

8. Should the Debtor fail to cure the default within the Cure Period, Santander may file a Certificate of Default and upon such filing, the Automatic Stay provisions of Section 362

shall be terminated with respect to Santander and Santander shall be entitled to proceed with available State Court remedies against the Premises, including without limitation a proceeding with a Mortgage Foreclosure Action against the Premises, all without further application to the Bankruptcy Court or further notice to the Debtor or his Counsel.

   9. Debtor's counsel represents that he has reviewed this Stipulation with the Debtor and he has received specific authorization to bind her to the terms of this Stipulation and to sign this Stipulation for Relief from Stay on her behalf, in the event the Debtor does not personally sign this Stipulation.

   10. The parties agree that this Stipulation may be signed in counterparts and that an electronic or facsimile signature, or a copy thereof, shall have the same force and effect as an original signature.

   11. The parties agree and stipulate to the waiver of the 14 day period set forth in Rule 4001(a)(3), in that the Order shall take effect immediately upon its signing and that the Order shall survive a conversion of the within Bankruptcy to a case under Chapter 7 or any other chapter of the Bankruptcy Code.

 **WHEREFORE**, the Debtor along with her counsel, and Santander, by and through its counsel, request this Court to enter an Order which provides:

   (a) that the Automatic Stay provisions of Section 362 shall remain in full force and effect pursuant to the terms set forth in Stipulation; and

   (b) that if the Debtor fails to make the payments pursuant to the terms of this Stipulation, then upon the Notice of Default to Debtor and the filing of a Certificate of Default, the Automatic Stay provisions of Section 362 shall be terminated with respect to Santander and Santander shall be entitled to proceed with available State Court remedies against Debtor's real property known as 2416 S. 10th Street, Philadelphia, Philadelphia County, Pennsylvania

("Premises"), including without limitation, proceeding with the pending Mortgage Foreclosure action against the Premises all without further application to this Court or notice to the Debtor's or her counsel.

/s/Jessica S. Kaczinski
_____
JESSICA S. KACZINSKI, ESQUIRE
Attorney for Santander

/s/ Michael A. Cibik
_____
MICHAEL A. CIBIK, ESQUIRE
Attorney for Debtor


/s/ Susan A. Marro
_____
SUSAN A. MARRO


CONSENT/NO OBJECTION OF CHAPTER 13 TRUSTEE:

/s/ Jack K. Miller, Esquire    for
_____
KENNETH E. WEST

*I have no objection to its terms, without prejudice to any of our rights and remedies*